IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JARON REEVEY, #502-0146       *
      Plaintiff

                       *

    v.                    CIVIL ACTION NO. L-05-240

                       *

BALTIMORE CITY POLICE
  DEPARTMENT, et al.,        *
      Defendants

                    ******

## MEMORANDUM

Pro se Plaintiff Jaron Reevey ("Reevey") filed this 42 U.S.C. § 1983 action, alleging that officers of the Baltimore City Police Department used excessive force during his arrest, lied to cover up their misconduct, and manipulated the evidence that was ultimately used to convict him.  Pending are: (i)  Defendants' Motion To Dismiss (hereinafter "First Motion to Dismiss") (Docket No. 41), and (ii) Defendants' Motion To Dismiss And/Or Motion For Summary Judgment (hereinafter "Second Motion to Dismiss") (Docket No. 52).  For the following reasons, the Court will, by separate Order, (i) DENY Defendants' First Motion to Dismiss, (ii) GRANT IN PART and DENY IN PART Defendants' Second Motion to Dismiss, and (iii) DIRECT the parties to file a report regarding the status of discovery.

## I.    Background

In 2002, the State of Maryland charged Reevey with kidnaping and conspiracy to kidnap. The charges apparently stem from a sequence of events (which included kidnaping and carjacking) that culminated in Reevey's arrest on January 25, 2002 by Baltimore City police officers.  During the arrest, the officers shot Reevey several times.[1]

---

[1]  Reevey alleges that he was shot at least eight times.

Reevey was subsequently indicted in this Court.  On September 5, 2002, a federal jury convicted him of carjacking,  kidnaping, and possession of a firearm in furtherance of a crime of violence.  He was sentenced to a term of imprisonment.  Reevey's criminal case is currently on appeal regarding District Judge William D. Quarles's denial of Reevey's motion for a new trial.

In January 2005, Reevey filed the instant § 1983 case against a sergeant and seven police officers from the Baltimore City Police Department, a forensic pathologist, and a firearms and ballistics expert (collectively referred to as "Defendants").  He alleges that when the police officers shot him, they used brutal, excessive force, and attempted to murder him.  He also claims that their use of force was driven by racial animus.   (Docket No. 1).  Reevey further contends that during the subsequent investigation of his alleged crimes, the officers "slanted testimony to protect other officers and to justify [the] shooting of the plaintiff, thus manipulating [the] investigation." (Docket No. 4.)  The officers' conflicting statements about the shooting "cast a very high level of doubt on the evidence used" during his trial, he claims.  (Id.)

## II.    First Motion to Dismiss

Defendants ask the Court to dismiss Reevey's complaint with prejudice because Reevey failed to respond to their discovery requests.  Defendants first attempted to serve Reevey with discovery requests in September 2005.  The requests, mailed to FCI-Schuylkill, were returned to Defendants' counsel.  In November 2005, Defendants re-sent their requests to Reevey at FCI-Schuylkill.  When Reevey failed to respond, Defendants filed the instant motion.[2]

 Defendants never filed a motion to compel in order to attempt to obtain discovery

---

[2]  Although Defendants cite to several exhibits, those exhibits are not attached to the motion that was filed with the Court.

responses from Reevey.  Rather, they bypassed the motion to compel stage and immediately

moved for dismissal of the case.  Accordingly, the Court will DENY Defendants' motion.

## III.    Second Motion to Dismiss

In their second motion to dismiss, Defendants seek dismissal on the following grounds:

(i) Reevey's complaint is barred by the statute of limitations, (ii) Reevey's complaint implies the

invalidity of his conviction, and, therefore, must be dismissed, and (iii) Reevey's claims against

two of the Defendants must be dismissed because his complaint fails to allege that they

committed any wrongdoing.

### A.    Statute of Limitations

There is no federal statute of limitations for § 1983 claims, so federal courts generally

adopt the most appropriate state statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 266-

67 (1985); Burnett v. Grattan, 468 U.S. 42, 49 (1984); Lewis v. Richmond City Police Dep't,

947 F.2d 733, 735 (4th Cir. 1991); Cox v. Stanton, 529 F.2d 47, 49-50 (4th Cir. 1975).

Defendants agree that Maryland's general three-year statute of limitations for civil actions is

most applicable to the case at bar.  See Md. Code Ann., Cts. & Jud. Proc., § 5-101.  They claim

that Reevey's complaint is untimely because the events about which Reevey complains occurred

during his arrest on January 25, 2002, but Reevey did not file the instant complaint until January

27, 2005, three years and two days later.

Although the state statute of limitations applies, "[t]he time of accrual of a civil rights

action is a question of federal law."  See Cox, 529 F.2d at 50.  The running of the statute of

limitations began when Reevey knew or had reason to know of his injury.  Id.  The Court agrees

with Defendants that, on January 25, 2002, Reevey should have known of his injuries resulting

from the alleged use of excessive force on that date.

The Court does not agree, however, that Reevey filed his complaint late.  Under the "prison mail box rule," a § 1983 suit is filed when the prisoner delivers his complaint to prison authorities for mailing to the Court Clerk.  See Lewis, 947 F.2d at 735-36.  The complaint in the instant case is dated January 22, 2005, and it was postmarked January 25, 2005.  Accordingly, Reevey must have delivered the complaint to prison authorities no later than January 25, 2005, the last day of the limitations period.  Reevey's complaint, therefore, was timely filed, and the Court will DENY Defendant's motion as to the statute of limitations.

## B.   Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a § 1983 complaint for damages necessarily implies that the plaintiff's conviction was invalid, the suit must be dismissed unless the plaintiff can show that the conviction has already been overturned or otherwise deemed invalid:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a . . .  prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the

plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Id. at 486-87 (emphasis in original).

Defendants argue generally that Reevey's entire § 1983 case "implicitly alleges the invalidity of his conviction," and, therefore, must be dismissed.  The Court disagrees with the broad brush treatment that Defendants apply to Reevey's case.  Reevey's case alleges two distinct claims, and the Court must address the potential application of Heck to each claim on an individual basis.

First Claim.  Reevey alleges that when the police officers shot him, they were driven by racial animus, used brutal, excessive force, and attempted to murder him (hereinafter the "excessive force" claim).  This claim is not barred by Heck.  Even if the police officers used excessive force during Reevey's arrest, the validity of Reevey's conviction for kidnaping, carjacking, and possession of a firearm is not called into question.  Accordingly, the excessive force claim survives.

Second Claim.  Reevey contends that the police officers attempted to cover up their use of excessive force and, during the course of the cover up, slanted their testimony and otherwise manipulated the evidence that was ultimately used to convict him.  The extent to which the police officers lied to cover up their alleged use of excessive force may have evidentiary value regarding the excessive force claim.  However, to the extent that Reevey claims that the evidence that led to his conviction was somehow tainted, his claim is barred by Heck.  Accordingly, the Court will DISMISS the claim WITHOUT PREJUDICE to re-filing if Reevey's conviction is

overturned on appeal or otherwise invalidated in the future.[3]

### C.      Defendants Murphy and Welch

Officer Winfred Murphy and Firearms and Ballistics Expert William Welch contend that

Reevey has failed to state a claim against them upon which relief can be granted.  The Court

agrees.  In his Amended Complaint, Reevey states that Officer Murphy "will testify that he did

not see Mr. Reevey shoot at any officer, thus supplying correct information."  (Docket No. 4.)

Regarding Mr. Welch, Reevey states "No statement of facts at this time."  (Id.)  Reevey,

therefore, has failed to state any facts against these two defendants that, if proven, would give

rise to a § 1983 claim.  Accordingly, the Court will DISMISS Reevey's claims against

Defendants Murphy and Welch WITHOUT PREJUDICE.

## IV.      Discovery

This case will go forward on Reevey's excessive force claim.  Although the discovery

period has closed, it appears from the record that neither side is satisfied with the discovery

taken to date.  Accordingly, within thirty days, each side shall FILE a report describing the

discovery that it has taken to date and the discovery that it still wishes to take.  Upon reviewing

the reports, the Court will establish a schedule for discovery regarding the excessive force claim.

Although Reevey's claim that the officers slanted their testimony and otherwise manipulated the

---

[3] Dismissing Reevey's claim, rather than simply staying it pending the conclusion of his criminal proceedings, will not create a statute of limitations problem.  This is because a § 1983 claim that implicates the validity of a conviction does not accrue, and the statute of limitations does not begin running, until that conviction is overturned.  See Heck, 512 U.S. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); Valentine v. Dodd, 2006 WL 1878999 (D.S.C. July 6, 2006) ("[A] potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned.").

evidence used to convict him is barred by <u>Heck</u>, the Court will permit discovery regarding the officers' comments during the investigation and testimony at trial.  Their comments and testimony may have evidentiary value regarding the excessive force claim.

**V.      Conclusion**

For the reasons stated above, the Court will, by separate Order,

(i)      DENY Defendants' Motion To Dismiss (Docket No. 41);

(ii)     GRANT IN PART and DENY IN PART Defendants' Motion To Dismiss And/Or Motion For Summary Judgment (Docket No. 52), as follows,

     (a)      DENY Defendants' Motion regarding the statute of limitations,

     (b)      DENY Defendants' Motion regarding the <u>Heck</u> defense as to Reevey's excessive force claim,

     (c)      GRANT Defendants' Motion regarding the <u>Heck</u> defense as to Reevey's claim that during the course of the alleged cover up, the officers slanted their testimony and otherwise manipulated the evidence that was ultimately used to convict him, and

     (d)      GRANT Defendants' Motion regarding Reevey's failure to state a claim against Defendants Murphy and Welch;

(iii)    DISMISS Reevey's claim that during the course of the alleged cover up, the officers slanted their testimony and otherwise manipulated the evidence that was ultimately used to convict him, WITHOUT PREJUDICE to re-filing if Reevey's conviction is overturned on appeal or otherwise invalidated in the future;

(iv)     DISMISS Reevey's claims against Defendants Murphy and Welch WITHOUT PREJUDICE;

(v)      DIRECT each party, within thirty days of the date of this Memorandum, to FILE a report describing the discovery that it has taken to date and the discovery that it still wishes to take; and

(vi)      DIRECT the Clerk to MAIL a copy of this Memorandum and the accompanying Order to Reevey.

Dated this 30th day of August, 2006.


_____/s/_____
Benson Everett Legg
Chief Judge